**Bonjean Law Group, PLLC**
**142 Joralemon St., Ste. 5A**
**Brooklyn, New York 11201**
**Tel: (718) 875-1850**
**Fax: (718) 875-1931**
**jennifer@bonjeanlaw.com**

Attorney for Plaintiff

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

---

**DAVID CONNOR CASTELLANI**,

      Plaintiff,

      v.

**CITY OF ATLANTIC CITY; POLICE**
**OFFICER STERLING WHEATEN;**
**POLICE OFFICER DARRIN LORADY;**
**POLICE OFFICER AVETTE HARPER;**
**POLICE OFFICER KEVIN LAW;**
**POLICE OFFICER SCOTT SENDRICK**
**POLICE OFFICER MATTHEW ROGERS.**

      Defendants.

**FIRST AMENDED COMPLAINT**
**AND JURY TRIAL DEMAND**

**1:13-CV-05848 (RMD/AMD)**

---

      **NOW COMES** Plaintiff, **DAVID CONNOR CASTELLANI**, by and through his

attorney, **JENNIFER BONJEAN** of the **BONJEAN LAW GROUP, PLLC**, and for cause of

action against the defendants, both jointly and severally, respectfully states as follows:

### INTRODUCTION

      1.      On June 15, 2013, at approximately 3:00 a.m., Plaintiff was violently assaulted by

Defendants Lorady, Harper, Law Sendrick and Rogers. During the assault, Defendants unlawfully and repeatedly punched, kicked, struck and clubbed Plaintiff without justification.

2.      During the physical beating of Plaintiff, Defendant Wheaten, an Atlantic City police officer, assigned to the Atlantic City Police Department K-9 Unit, arrived in his K-9 vehicle, emerged from the vehicle with his canine and immediately released the vicious animal, ordering it to attack Plaintiff in and around Plaintiff's neck and upper body. Plaintiff was not resisting arrest and was completely subdued, face-down, and prone on the cement. While the vicious animal mauled Plaintiff, Defendant Wheaten and other defendants continued to beat Plaintiff, punching, kicking and striking him about the head and body - all while Plaintiff was completely restrained.

3.      Plaintiff suffered life-threatening injuries as a result of Defendants' unlawful and illegal acts and is likely to have a permanent disability from the vicious attack.

## PARTIES

4.      Plaintiff David Connor Castellani is an adult resident citizen of Linwood, Atlantic County, New Jersey.

5.      Defendant Atlantic City, New Jersey, is a municipality chartered by the State of New Jersey and as such is a political subdivision of the State of New Jersey and among its other functions operates and maintains a law enforcement agency known as the Atlantic City Police Department. Atlantic City is under a duty to run its policing activities in a lawful manner so as to preserve the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of New Jersey.

6.      On information and belief, defendant Atlantic City Police Officer Sterling

Wheaten is an adult resident citizen of Atlantic County, New Jersey. At all times material hereto, defendant Sterling was a member of the Atlantic City Police Department and was acting by virtue of his position as a law enforcement officer of the Atlantic City Police Department and under the color of state law. Defendant Wheaten is sued individually and in his official capacity as a member of the Atlantic City Police Department.

7.      On information and belief, defendant Atlantic City Police Officer Darrin Lorady is an adult resident citizen of Atlantic County, New Jersey. At all times material hereto, defendant Lorady was a member of the Atlantic City Police Department and was acting by virtue of his position as a law enforcement officer of the Atlantic City Police Department and under the color of state law. Defendant Lorady is sued individually and in his official capacity as a member of the Atlantic City Police Department.

8.      On information and belief, defendant Atlantic City Police Officer Avette Harper is an adult resident citizen of Atlantic County, New Jersey. At all times material hereto, defendant Harper was a member of the Atlantic City Police Department and was acting by virtue of his position as a law enforcement officer of the Atlantic City Police Department and under the color of state law. Defendant Harper is sued individually and in his official capacity as a member of the Atlantic City Police Department.

9.      On information and belief, defendant Atlantic City Police Officer Kevin Law is an adult resident citizen of Atlantic County, New Jersey. At all times material hereto, defendant Law was a member of the Atlantic City Police Department and was acting by virtue of his position as a law enforcement officer of the Atlantic City Police Department and under the color of state law. Defendant Law is sued individually and in his official capacity as a member of

the Atlantic City Police Department.

10.     On information and belief, defendant Atlantic City Police Officer Scott Sendrick is an adult resident citizen of Atlantic County, New Jersey. At all times material hereto, defendant Sendrick was a member of the Atlantic City Police Department and was acting by virtue of his position as a law enforcement officer of the Atlantic City Police Department and under the color of state law. Defendant Sendrick is sued individually and in his official capacity as a member of the Atlantic City Police Department.

11.     On information and belief, defendant Atlantic City Police Officer Matthew Rogers is an adult resident citizen of Atlantic County, New Jersey. At all times material hereto, defendant Rogers was a member of the Atlantic City Police Department and was acting by virtue of his position as a law enforcement officer of the Atlantic City Police Department and under the color of state law. Defendant Rogers is sued individually and in his official capacity as a member of the Atlantic City Police Department.

## JURISDICTION AND VENUE

12.     Each and all acts of defendants were performed under the color and pretense of the Constitutions, statutes and ordinances, regulations, customs, and usages of the United States of America, the State of New Jersey, the County of Atlantic, and the City of Atlantic City, and under the authority of their office as law enforcement officers for Atlantic City, New Jersey.

13.     The incidents which give rise to this cause of action occurred within this jurisdiction and within two years of the filing of this Complaint.

14.     Venue is proper in this venue pursuant to 28 U.S.C. § 1391, as all the defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action

occurred within this district.

15.     Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)(4) and 42 U.S.C. § 1983. Plaintiffs further invoke the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367

## FACTUAL ALLEGATIONS

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein:

16.     On June 15, 2013 at approximately midnight, Plaintiff and several friends visited the Tropicana Casino and Hotel in Atlantic City for a night of socializing. The young men went to several of the drinking establishments housed in and operated by the Tropicana Casino and Hotel.

17.     Sometime before 3:00 a.m., Plaintiff was separated from his friends when he was ordered to leave "Boogie Nights" - one of the clubs operated by Tropicana.

18.     Having been over-served at several Tropicana drinking establishments, Plaintiff, not- yet-of legal drinking age, was intoxicated.

19.     Plaintiff departed the premises, and at approximately 3:00 a.m, found himself alone, on a sidewalk - outside the Tropicana on Pacific Ave., looking for his friends from whom he had been separated.

20.     On information and belief, also standing outside the Tropicana near the Plaintiff were Defendants Lorady, Law, Sendrick, and Rogers. The defendants were facing each other and casually talking and laughing. One of the officers was nonchalantly leaning against his police

vehicle, feet extended with his hands in his pocket.

21.     Plaintiff approached the group of uniformed officers seeking assistance and engaged them in conversation. One of the officers ordered Plaintiff to pull his shorts' pockets inside out and conducted a pat down of Plaintiff. Plaintiff complied with the officer's request. At one point, Plaintiff leaned over to pick up something he had dropped revealing his waistband to the officers.

22.     At least two security personnel from the Tropicana also participated in the conversation with Plaintiff and the officers.

23.     Plaintiff then walked away from the officers and began calling his friends on his cell phone in an attempt to locate them. Plaintiff's friend informed Plaintiff that a car was waiting for him at the front of the casino and instructed Plaintiff to walk around to where the car was waiting.

24.     Plaintiff again approached the group of officers, seeking assistance in getting to the other side of the Tropicana Hotel and Casino so he could meet his friends.

25.     Defendants Lorady, Law, Sendrick, and Rogers mocked and ridiculed Plaintiff and did nothing to assist Plaintiff - instead ordering him to the other side of Pacific Ave.

26.     Again, Plaintiff complied and crossed the street, but began to exchange hostile words with the police officers who continued to ridicule, taunt, and mock Plaintiff who was merely searching for his ride home.

27.     At all times during the heated verbal exchange, Plaintiff remained on the sidewalk, verbally responding to the officers from across the street as was his constitutional right under the First Amendment to the United States Constitution.

6

28.     Plaintiff did not threaten the officers, nor did Plaintiff cause any disruption to individuals on the street. And at no point did the defendants attempt to conduct a proper and legal arrest of the Plaintiff. Rather, defendants continued to unjustifiably engage Plaintiff who was merely responding to the unprofessional taunting and berating of the gaggle of police officers who were hanging out on the street shirking their official responsibilities.

29.     During this exchange of words, Defendants Lorady, Law, Sendrick and Rogers with no notice to the Plaintiff bum-rushed the Plaintiff, tackled him to the ground, and began to viciously assault Plaintiff. At no point did defendants Lorady, Law, Sendrick or Rogers make any commands or directives to the Plaintiff before inexplicably attacking him. Defendantsbegan to punch, kick, knee, and club the Plaintiff who was in no way resisting the officers' unlawful assault.

30.     Defendant Harper belatedly arrived at the scene and kneed Plaintiff before successfully getting one of Plaintiff's hands in cuffs. At that point, Plaintiff was subdued, face down, and completely prone on the ground with one-hand in handcuffs.

31.     During the entire assault, Plaintiff was yelling at the officers, "I am not resisting."

32.     Moments later, Defendant Wheaten pulled up to the scene in an Atlantic City K-9 Unit vehicle and immediately emerged from the vehicle with his canine. Without making any assessment of the situation, defendant Wheaten released the canine and ordered it to attack the completely subdued and helpless Plaintiff.

33.     Defendant Wheaten directed the canine to attack the upper body of Plaintiff, including his neck and head.

34.     The vicious dog mauled the back of Plaintiff's neck and head as several of the

officers, including Defendant Wheaten continued to punch and kick the Plaintiff.

35.     Rather than remove the deadly dog from Plaintiff's body, the officers stepped away to allow the dog to continue to maul the Plaintiff, several of them laughing and smiling at the sadistic act.

36.     After a period of time, the canine was eventually removed from Plaintiff's lifeless body.

37.     Plaintiff was eventually taken to the hospital where he was shackled to the bed and received treatment for serious and life-threatening injuries.

38.     Defendant Wheaten has an extensive history of civilian complaints for excessive force. None of which have been sustained by Internal Affairs Unit of the Atlantic City Police Department.

39.     Between September 19, 2008 and July 8, 2011, Wheaten was the subject of 21 civilian complaints of misconduct, 15 of which were related to excessive force or assault. None of the complaints were sustained and Wheaten has never been disciplined for any of these complaints.[1]

40.     Despite a prodigious history of civilian complains, the Atlantic City Police Department rewarded Defendant Wheaten by admitting him to the K-9 Unit and giving him an inherently deadly weapon - a canine.

41.     Defendants Wheaten and Atlantic City are currently be sued in the United States District Court for the District of New Jersey, Camden Vicinage in five (5) separate causes of

---

[1] This information was obtained from records made public pursuant to PACER in the matter of *Worrall v. City of Atlantic City, et al.* 11-cv-2750.

action, alleging excessive force and/or assault.

42.     On information and belief, Defendant Wheaten is also being sued in state court in two other suits which allege assault and excessive force.

<u>COUNT I</u>

**<u>FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS WHEATEN, LORADY AND JOHN DOE #1-4</u>**

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

43.     Defendants Wheaten, Lorady, Harper, Law, Sendrick and Rogers committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers for Atlantic City, and substantially deprived Plaintiff of his clearly established rights, privileges, and immunities, guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived Plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including but not limited to:

a.     freedom from unlawful search and seizure;

b.     freedom from unlawful arrest and seizure of his person;

c.     freedom from unreasonable, unjustified, and excessive force;

d.     freedom from deprivation of liberty and property without due process of law;

e.     freedom from summary punishment;

f.     freedom from State created danger; and

g.     freedom from arbitrary government activity which shocks the conscious of a

9

civilized society.

44.     As a direct and proximate result of the acts and omissions of defendants Wheaten, Lorady, Harper, Sendrick, Law, and Rogers, Plaintiff's constitutional rights were violated and Plaintiff was injured and sustained substantial injuries, including but not limited to permanent physical disabilities.

## COUNT II

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST ATLANTIC CITY

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

45.     Defendant Atlantic City is under a duty to supervise the members of the Atlantic City Police Department and to ensure that the policing activities of the Atlantic City Police Department are run in a lawful manner preserving to the citizens of Atlantic City the rights, privileges, and immunities guaranteed to them by the Constitutions of both the United States of America and the State of New Jersey.

46.     Defendant Atlantic City permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and/or custom of its police officers, particularly defendants Wheaten, Lorady, Harper, Law, Sendrick, and Rogers of violating the constitutional rights of the public at large, including the Plaintiff. In particular, the City of Atlantic City had actual knowledge that defendants had a propensity to deprive the citizens of Atlantic City, New Jersey of their constitutional rights and failed to take proper action to protect the citizens of Atlantic City, New Jersey from defendants.

47.     The actions of defendants Wheaten, Lorady, Law, Harper, Sendrick, and Rogers

were unjustified, unreasonable, unconstitutional, and deprived Plaintiff of his constitutional rights in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

48.     Defendant Atlantic City is directly liable for Plaintiff's damages due to the following policy statements, ordinances, regulations, or decisions formally adopted and promulgated by the Government rule-makers which were in effect at the time of this incident and which were the underlying cause of Plaintiff's injuries:

a.      Atlantic City and the Atlantic City Police Department have formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed with Internal Affairs unit and favoring the statements of a police officers over the statements of a citizen complaining of police abuse or misconduct, resulting in the exoneration of officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the Atlantic City Police Department, thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

b.      Atlantic City and the Atlantic City Police Department have formally adopted a policy of allowing police officers to conduct arrests with the use of illegal and excessive force thus creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the Atlantic City Police Department, and further creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

c.      Atlantic City and the Atlantic City Police Department have formally

adopted a policy of giving police officers with extensive histories of police misconduct vicious canines for use in their policing of the public thus creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the Atlantic City Police Department, and further creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

        d.     Atlantic City and the Atlantic City Police Department have formally adopted a policy of using vicious canines to stop and bite individuals who are not resisting arrest or posing a threat to officers' safety or the public at large thus creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the Atlantic City Police Department, and further creating an atmosphere of illegal and unconstitutional behavior, and with deliberate indifference, and reckless disregard of the welfare of the public at large, including Plaintiff.

        49.     Defendant Atlantic City is directly liable for the Plaintiff's damages due to the following policies, practices, or customs of the Atlantic City Police Department, which were in effect at the time of this incident and which were the underlying cause of the Plaintiffs' injuries:

        a.     Atlantic City and the Atlantic City Police Department have a permanent and well-settled practice or custom of allowing police officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) to employ excessive force, including deadly force, while effectuating arrests creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff;

        b.     Atlantic City and the Atlantic City Police Department have a permanent

and well-settled practice or custom of allowing police officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) to use excessive force and/or unreasonable force without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff;

c.      Atlantic City and the Atlantic City Police Department have a permanent and well-settled practice allowing police officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) to falsely arrest and charge civilians without probable cause as a tool to conceal their own illegal and unreasonable conduct, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff;

d.      Atlantic City and the Atlantic City Police Department have a permanent and well-settled practice or custom allowing police officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) to file false police reports, fabricate evidence, destroy evidence, and make false statements as a tool to conceal their own illegal and unreasonable conduct in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff.

e.      Atlantic City and the Atlantic City Police Department have a permanent and well-settled practice of failing to protect the Citizens of Atlantic City from the unconstitutional actions of police officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) by providing officers with extensive histories of civilian complaints alleging assault and excessive force with deadly canines to use in their policing activities and thereby creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless

13

disregard for the welfare of the public at large, including Plaintiff.

       f.    Atlantic City and the Atlantic City Police Department have a permanent and well-settled practice of failing to protect the Citizens of Atlantic City from the unconstitutional actions of police officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) by exonerating rogue police officers, by refusing to investigate civilian complaints, and by convincing civilians not to file formal complaints with the Internal Affairs Unit, and by creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including the Plaintiff.

       g.    Atlantic City and the Atlantic City Police Department have a permanent and well-settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding arrest procedures, the use of excessive physical force, the use of deadly force, and the misuse of the K-9 Units, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

       h.    Atlantic City and the Atlantic City Police Department have a permanent and well-settled practice of leaking the names of its citizens who have filed complaints regarding officer misconduct and allowing rogue officers to corrupt the Internal Affairs investigation by promulgating false and fabricated evidence and by destroying evidence, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

      50.    Defendant Atlantic City is directly liable for Plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring,

which were in effect at the time of this incident and which were the underlying cause of the Plaintiff's injuries:

        a.        Atlantic City and the Atlantic City City Police Department failed to adequately train and supervise police officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) regarding proper arrest procedures and techniques; use of canines in policing activities; use of force; probable cause determinations; criminal investigations; and internal affairs procedures and such failure to train had the obvious consequence of leading to constitutional violations in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff;

        b.        Atlantic City and the Atlantic City Police Department failed to adequately monitor and evaluate the performance of its officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) and their compliance with the laws and policies, practices and customs with respect to  probable cause determinations, internal affairs procedures, the use of physical force, use of canines in policing activities; arrest procedures; and criminal investigations in deliberate indifference to and reckless disregard of the public at large, including the Plaintiff;

        c.        Atlantic City and the Atlantic City Police Department repeatedly and knowingly failed to properly discipline its officers (including Wheaten, Lorady, Harper, Law, Sendrick, and Rogers) with respect to violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force, use of canines in policing activities, probable cause determinations, internal affairs procedures, and arrest procedures creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by the Atlantic City Police Department in

deliberate indifference to and reckless disregard of the public at large, including the Plaintiffs;

      d.    Atlantic City and the Atlantic City Police Department allow its officers to engage in conduct that violates the constitutional rights of persons in custody, including Plaintiffs, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated, and condoned, in reckless disregard of and deliberate indifference to the welfare of the public, including Plaintiff; and

      e.    Atlantic City and the Atlantic City Police Department knew that "a code of silence" existed between and among their officers and with security personnel employed by Atlantic City casinos whereby officers would not report misconduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to, properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the pubic, including the Plaintiffs.

    51.    Further, defendant Atlantic City is liable for the actions of defendants Wheaten, Lorady, Harper, Law, Sendrick and Rogers under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to provide officers who comply with the constitutions and laws of the United States of America and the State of New Jersey.

    52.    As a direct and proximate result of the foregoing policies, practices, and customs of the Atlantic City and the Atlantic City Police Department, the violation of the constitutional rights of the citizens of Atlantic City were substantially certain to occur.

53.     As a direct and proximate result of the foregoing policies, practices, and customs of Atlantic City and the Atlantic City Police Department, Plaintiff's constitutional rights were violated and Plaintiffs were injured and damaged.

## COUNT III

## STATE LAW TORTS AGAINST DEFENDANTS WHEATEN, LORADY, AND HARPER, LAW, SENDRICK, AND ROGERS

Plaintiff hereby incorporates, in its entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein

54.     The acts, omissions and conduct of defendants Wheaten, Lorady, Harper, Law, Sendrick, and Rogers constitute assault, battery, trespass, trespass to chattel, false arrest, false imprisonment, conspiracy, slander, negligent infliction of emotional distress and intentional infliction of emotional distress.

55.     As a direct and proximate result of the aforementioned acts and omissions of defendants Wheaten, Lorady, Harper. Law, Sendrick, and Rogers, Plaintiff has been injured and damaged.

## COUNT IV

## CONSPIRACY TO VIOLATE CIVIL RIGHTS

Plaintiffs hereby incorporate, in its entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

56.     Defendants conspired to violate the civil rights of Plaintiff by targeting him for unwarranted violence; subjecting him to malicious prosecution; coordinating false stories and reports against Plaintiff to incriminate him and rationalize violence and mistreatment toward

Plaintiff; coordinating theirs stories and rationalizations so as to conceal the extent of the damage that Defendant perpetrated against Plaintiff.

## COUNT V

## PUNITIVE DAMAGES AGAINST DEFENDANTS WHEATEN, LORADY, HARPER, LAW, SENDRICK, AND ROGERS

Plaintiffs hereby incorporate, in its entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

57.     The actions and/or omissions of defendants Wheaten, Lorady, Harper, Law, Sendrick, and Rogers complained of herein were unlawful, conscience shocking, and unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith, and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against defendants.

## DAMAGES

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

58.     As a direct and proximate result of the aforementioned actions and omissions of the defendants, Plaintiffs was injured and damaged.  The damages for which Plaintiff seeks compensation from the defendants, both jointly and severally, include, but are not limited to, the following:

a.     emotional pain and suffering of a past, present, and future nature;

b.     loss of enjoyment of life of a past, present, and future nature;

c.     fright, fear, aggravation, humiliation, anxiety, and emotional distress of a

18

past, present, and future nature as a result of the injuries sustained as a

result of the illegal actions of defendants Wheaten, Lorady, Harper, Law,

Sendrick, and Rogers.

d.      loss of earning capacity;

e.      attorney's fees pursuant to 42 U.S.C. § 1988;

f.      punitive damages against applicable defendants;

g.      pre-and post-judgment interest;

h.      declaratory judgment and injunctive relief holding that the policies,

        practices or customs of defendants, complained of herein are illegal and

        unconstitutional;

i.      preclusion of defendants Wheaten, Lorady, Harper, Sendrick, Law, and

        Rogers from serving in the capacity of law enforcement officers; and

j.      all such relief, both general and specific, to which Plaintiff may be entitled

        to under the premises.

## **PRAYERS FOR RELIEF**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this

Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues the defendants

both jointly and severally, for his personal injuries and prays for a judgment against the

defendants for compensatory damages solely in an amount to be determined by a jury as

reasonable and for all such further relief, both general and specific, to which he may be entitled

under the premises.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues defendants Wheaten, Lorady, Harper, Law, Sendrick, and Rogers for punitive damages in an amount solely to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

59.    **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

Respectfully submitted,

**BONJEAN LAW GROUP, PLLC**
**142 Joralemon St., Ste. 5A**
**Brooklyn, New York 11201**
**(718) 875-1850**
**(718) 875-1931**

By: s/ JENNIFER BONJEAN