UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID CONNOR CASTELLANI, <br><br>     Plaintiff, <br><br>     v. <br><br> CITY OF ATLANTIC CITY et al., <br><br>     Defendants. | Civil No. 13-5848 (RMB/AMD) <br><br> **OPINION** |

APPEARANCES:

Jennifer Bonjean
Bonjean Law Group, PLLC
142 Joralemon Street, Suite 5A
Brooklyn, NY 11201
Attorney for Plaintiff

Patrick J. Wolfe, Esquire
Sharlenn E. Pratt, Esquire
Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C.
Five Greentree Centre, Suite 303
Marlton, NJ 08053-1536
Attorneys for Defendants

**BUMB**, United States District Judge:

    This matter comes before the Court upon a motion by Defendants, City of Atlantic City, and Police Officers Stearling Wheaten, Darren Lorady, Avette Harper, Kevin Law, Scott Sendrick, and Matthew Rogers to stay the proceedings in the above-captioned matter until the final adjudication of criminal

1

charges currently pending against Plaintiff, David Connor Castellani ("Castellani"). For the reasons set forth below, Defendants' motion shall be denied without prejudice.

I. **Background**

The facts relevant to the instant motion are undisputed. On October 1, 2013, Plaintiff filed the above-captioned matter alleging that on June 15, 2013, the Defendant Officers falsely arrested him while using excessive force in violation of his Fourth, Eighth, and Fourteenth Amendment rights, conspired to violate Plaintiff's civil rights, and committed several tort law violations. Plaintiff also avers that the City of Atlantic City ("City") had a custom, policy or practice that was the moving force behind the alleged violations. Plaintiff filed a Notice of Tort Claim with the City on September 9, 2013.

As a result of the arrest that gave rise to this matter, there are currently pending criminal charges against Plaintiff filed in the New Jersey Superior Court, Atlantic County. These criminal charges include: disorderly conduct in violation of N.J.S.A. § 2C:33-2(A)(1); aggravated assault on a police officer in violation of N.J.S.A. § 2C:12-1(b)(5)(a); resisting arrest by using physical force and violence in violation of N.J.S.A. § 2C:29-2A(3)(A); and assault of a police animal in violation of N.J.S.A. § 2C:29-3.1.

The Defendants contend that this matter must be stayed pending the final adjudication of Plaintiff's criminal charges pursuant to the holding in Wallace v. Kato, 549 U.S. 384 (2007) and that Plaintiff's pendent state law tort claims must be stayed pursuant to the New Jersey Tort Claims Act. The duration of the stay is indefinite "pending the outcome of the criminal charges." Defs.' Br. at 12. The Plaintiff opposes the stay and argues that there is "no authority to justify a stay where the gravamen of the Plaintiff's complaint is excessive force." P's Br. at ¶7.

**II. Standard**

The stay of a civil proceeding is an extraordinary remedy. Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). However, a court has the discretion to stay a case if the interests of justice so require. U.S. v. Kordel, 397 U.S. 1, 12 n. 27 (1970). A stay of a civil case where there are pending criminal proceedings is not constitutionally required, but may be warranted in certain circumstances. Id.; Cress v. City of Ventnor, No. 08-1873, 2009 U.S. Dist. LEXIS 22172, at *5 (D.N.J. Mar. 18, 2009).

The factors to be considered in deciding whether to grant a stay are:

>     1) the extent to which the issues in the criminal
>     and civil cases overlap;
>     2) the status of the case, including whether the
>     defendants have been indicted;
>     3) the plaintiff's interests in proceeding
>     expeditiously weighed against the prejudice to
>     plaintiff caused by a delay;
>     4) the private interests of and burden on
>     defendants;
>     5) the interests of the court; and
>     6) the public interest.

Walsh Securities, 7 F. Supp. 2d at 527.

**III. Analysis**

a) *The Walsh Securities Factors*

Under the first factor articulated in Walsh Securities, this Court must examine the extent to which the issues pending in the civil and criminal proceedings at issue overlap. Such overlap is extensive here: both matters stem entirely from the same incident and concern the facts and circumstances surrounding Plaintiff's arrest and the force used in effectuating that arrest. While this important factor weighs in favor of the stay requested by Defendants, all of the other Walsh Securities factors do not, and the request to stay must be denied.

"The strongest case for a stay of discovery in a civil case occurs during a criminal prosecution after an indictment is returned, as it is then that the potential for self-incrimination is greatest." United States v. All Articles of

Other-Sonic Gneric Ultrasound Transmission Gel, No. 12-2264, 2013 U.S. Dist. LEXIS 42909, at * 7 (D.N.J. Mar. 26, 2013).[1] As there have been no indictments in this matter and there is no indication that the criminal trial against Plaintiff will soon commence, any stay would be indefinite and, thus, prejudicial to Plaintiff. See Cress, 2009 U.S. Dist. LEXIS 22172, at * 7. Moreover, as in Cress, Plaintiff here is willing to forgo a stay protecting his Fifth Amendment rights. Thus, the second Walsh Securities factor weighs in favor of Plaintiff.

This Court also finds that the Plaintiff's interest in proceeding expeditiously in this matter combined with the prejudice to Plaintiff that would result from the indefinite stay requested militates in favor of denying the motion to stay.

With respect to the fourth Walsh Securities factor, the Defendants contend that, where there are parallel civil and criminal proceedings, the target of the criminal case may exploit civil discovery for the advancement of his criminal case. Defs.' Reply Br. at 5. This concern is currently unfounded because there is no current evidence of such exploitation and because "a court can use its authority in managing civil discovery to prevent a criminal defendant from using civil discovery to evade the limited criminal discovery

---

[1] The Defendants rely heavily on this decision in support of their position that a stay is warranted. A critical distinguishing factor is that the stay requested in All Articles was only 180-days, unlike the indefinite stay sought by Defendants in the instant case.

5

rules." Cress, 2009 U.S. Dist. LEXIS 22172, at *9. Similar to Cress, "[i]f it appears to the Court that Plaintiff[] [is] not conducting discovery primarily for the civil case, but instead for the purpose of defending [Plaintiff's] criminal charges, the Court can take appropriate action to delay, limit or postpone discovery. Thus, Defendants' interests can still be protected while permitting this civil case to proceed." Id. at 9-10. The implementation of such safeguards mitigates against granting a stay.

Because this Court has an interest in efficiently addressing the merits of its cases and there has been no trial date set in Plaintiff's criminal case, a stay at this juncture would be indefinite and therefore unduly prejudicial to Plaintiff. Finally, this Court finds that if Plaintiff's allegations are true, they certainly raise issues of significant public concern, and, certainly, this matter has garnered significant attention from the public. Therefore, both the fifth and sixth factors from Walsh Securities weigh in favor of denying a stay in this matter.

b) *Wallace* & *Heck* Arguments

In addition to analyzing the Walsh Securities factors, this Court must also address the Defendants' argument that this matter should be stayed pursuant to dicta contained in the Supreme Court's decision in Wallace v. Kato, 549 U.S. 384

(2007). In Wallace, the Court, discussing its prior decision in Heck v. Humphrey, 512 U.S. 477 (1994) stated:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

512 U.S. at 393-94 (internal citations omitted). Most notably, the Wallace Court explicitly rejected "the adoption of a principle that goes well beyond Heck: that an action which would impugn **an anticipated future conviction** cannot be brought until that conviction occurs and is set aside." Id. at 393 (emphasis in original). This premise, rejected in Wallace, is exactly what the Defendants ask this Court to now adopt in light of Plaintiff's false arrest claim. The Court will decline to do so consistent with the dictates of Wallace.

Moreover, "[i]n Wallace, the Supreme Court did not create a mandatory duty to stay a civil action in all instances when a related criminal action is pending. Instead the Supreme Court held that this decision is within the court's discretion." Cress, 2009 U.S. Dist. LEXIS 22172, at *12-13. For the reasons already articulated, this Court finds that its discretion should be exercised in favor of denying the requested stay, and the

7

decision in Wallace does not mandate a stay under the instant circumstances.

As noted by Plaintiff, the true gravamen of his complaint is excessive force, and the Third Circuit has made clear that the Heck doctrine does not create a per se bar to a claim for excessive force: "This Court has previously determined that a conviction for resisting arrest does not necessarily preclude and arrestee for recovering damages on a § 1983 excessive force claim. . . . [Additionally,] the mere fact of a conviction for assault or similar conviction arising out of the same incident does not automatically preclude recovery on an excessive force claim brought under § 1983." Garrison v. Porch, 376 Fed. Appx. 274, 277-78 (3d Cir. 2010)(citing Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997)). Therefore, Defendants concern that this Court would have to "guess whether a ruling in the civil suit would impugn or imply the invalidity of a future conviction, which would require dismissal under Heck v. Humphrey," (Defs' Reply Br. at 3), is unavailing for the reasons set forth by the Third Circuit in Garrison. See Cress, 2009 U.S. Dist. LEXIS 22172, at * 11-16 (rejecting a similar argument under Wallace and Heck).

c) *The Younger Abstention*

Defendants also ask that this Court stay this matter based on the principles announced in the <u>Younger v. Harris</u> decision, 401 U.S. 37 (1971), which held that "federal courts should abstain from enjoining state criminal prosecutions, because of principles of comity and federalism, unless certain extraordinary circumstances exits." <u>Marran v. Marran</u>, 376 F.3d 143, 154 (3d Cir. 2004). For the reasons already discussed at length above, this Court cannot, at this juncture, find that this federal litigation will interfere with the State's criminal case against Plaintiff and will decline to stay this case. As the Supreme Court recently stated with respect to <u>Younger</u>: "We have cautioned . . . that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not 'refus[e] to decide a case in deference to the States.'" <u>Sprint Communs., Inc. v. Jacobs</u>, 134 S. Ct. 584, 588 (2013) (quoting <u>New Orleans Public Service, Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 368 (1989)).

d) *The New Jersey Tort Claims Act*

Finally, this Court declines to grant Defendants' motion because of Plaintiff's failure to comply with the New Jersey Tort Claims Act's six-month waiting period. <u>See</u> N.J.S.A. § 59:8-8. While this Court agrees that Plaintiff did not wait the requisite six-months, the Court notes that where such timing

violations occur, they generally result "only in a dismissal without prejudice." Hilburn v. Bayonne Parking Auth., No. 07-5211, 2009 U.S. Dist. LEXIS 6762 at *30 n.5 (D.N.J. Jan. 30, 2009). Therefore, in the interest of judicial economy, this Court will not require Plaintiff's claims to be dismissed without prejudice only to be re-filed later and will allow the tort claims to remain in this action despite the failure to strictly abide by the waiting period. See id. (allowing plaintiffs' tort claims to remain despite violation in the interest of judicial economy).

**IV. Conclusion**

For the reasons set forth above, this Court denies Defendants' motion to stay without prejudice. An appropriate Order will issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: January 15, 2014