[Doc. No. 56]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID CONNOR CASTELLANI,

        Plaintiff,

   v.

CITY OF ATLANTIC CITY, et al.,

        Defendants.

Civil No. 13-5848 (RMB/AMD)

## MEMORANDUM OPINION AND ORDER

In this action, Plaintiff David Connor Castellani (hereinafter, "Plaintiff") asserts claims under 42 U.S.C. § 1983 against Defendant Atlantic City Police Officers Sterling Wheaten, Darren Lorady, Avette Harper, Kevin Law, Scott Sendrick, Matthew Rogers, and John Does 1-4 (hereinafter, "Defendant Officers") and Defendant City of Atlantic City (hereinafter, "Defendant Atlantic City"). The issue presently before the Court is whether Defendant Atlantic City may redact the names and identifying information of the witnesses and complainants from the Internal Affairs files (hereinafter, "IA files") relating to the Defendant Officers. (See Motion for Protective Order (hereinafter, "Def.'s Mot.") [Doc. No. 56].)

1

For the reasons set forth herein, the Court denies Defendant Atlantic City's request to redact such information. Accordingly, Defendant Atlantic City is hereby ordered to produce the IA files of the Defendant Officers, without redaction of the names, addresses, and telephone numbers of the complainants and witnesses.

The present litigation relates to an incident that occurred on June 15, 2013 at the Tropicana Hotel and Casino in Atlantic City, New Jersey, and resulted in Plaintiff allegedly sustaining "serious and life-threatening injuries." (See Amended Complaint [Doc. No. 7], ¶ 37.) Plaintiff acknowledges that he "was intoxicated" at the time of the incident (id. at ¶¶ 17-18), but asserts that through no fault of his own, a "heated" exchange with certain Defendant Officers became physical and the Defendant Officers "began to punch, kick, knee, and club the Plaintiff[.]" (Id. at ¶ 29.) Plaintiff also contends that during the physical altercation, Defendant Officer Wheaton arrived with "his canine" and "directed the canine to attack the upper body of Plaintiff, including his neck and head." (Id. at ¶¶ 32-33.)

Plaintiff filed the amended complaint on October 21, 2013, asserting claims under 42 U.S.C. § 1983 for violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights, a civil conspiracy claim, and various state law claims against Defendant Atlantic City and the Defendant Officers. (See

generally Amended Complaint [Doc. No. 7].) In the amended complaint, Plaintiff also asserts several municipal/supervisory liability claims against Defendant Atlantic City including, inter alia, a failure to investigate claim. (See id. at ¶ 48(a).) Specifically, Plaintiff alleges that Defendant Atlantic City "formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed with [the] Internal Affairs [U]nit and favoring the statements of [] police officers over the statements of a citizen complaining of police abuse or misconduct[.]" (Id.)

In their answer to the amended complaint, Defendants collectively assert that the Defendant Officers did not "use[] any force greater than was necessary and reasonable under the circumstances[]" (Defendants' Answer to Amended Complaint [Doc. No. 19], ¶ 29), and further assert that Plaintiff's allegations of constitutional violations "are untrue, inaccurate and misleading[.]" (See, e.g., id. at ¶ 44 (setting forth Defendants' answer to Count I of the amended complaint).) In addition, Defendants set forth a number of legal defenses to Plaintiff's claims. (See id. at 19-21 on the docket.)

The issue presently before the Court pertains to the redaction of names and identifying information of witnesses and complainants from the IA files of the Defendant Officers. Counsel for Defendant Atlantic City has agreed to produce the IA

files for a six (6) year period, but seeks to redact certain identifying information from these files pursuant to Federal Rule of Civil Procedure and Local Civil Rule 5.2.[1] (See Letter [Doc. No. 50], Sept. 16, 2014, 1-2.) Counsel's proposed redactions included (1) removing the names of "all civilian complainants and witnesses, leaving first and last initials;" and (2) removing "all personal identifiers such as social security numbers, birth dates, addresses, telephone numbers, and motor vehicle information[]" of any complainants and witnesses. (Id. at 2.) Plaintiff's counsel generally opposes the redaction of the names and identifying information of the complainants and witnesses.[2]

Defendant Atlantic City alleges that the names and identifying information of complainants and witnesses in the

---

[1] Defendant Atlantic City cites to both Local Civil Rule 5.2 and Federal Rule of Civil Procedure 5.2. (See Letter [Doc. No. 50], Sept. 16, 2014, 2.) However, neither Local Civil Rule 5.2 nor Federal Rule of Civil Procedure 5.2 serve as a basis for precluding discovery. See generally Local Civ. R. 5.2; see also Fed. R. Civ. P. 5.2. Local Civil Rule 5.2 addresses the electronic filing of documents, see Local Civ. R. 5.2, and Federal Rule of Civil Procedure 5.2(a) pertains to the redaction of certain personal information. See Fed. R. Civ. P. 5.2(a).

[2] At a September 17, 2014 telephone conference held on the record, Plaintiff's counsel agreed to the redaction of the social security numbers, birth dates, and motor vehicle information of the complainants and witnesses named in the IA files for the Defendant Officers. Consequently, at issue here is Defendant Atlantic City's request to redact, and thereby not produce to Plaintiff, the names, addresses, and telephone numbers of the complainants and witnesses.

Defendant Officers' IA files should remain redacted for three reasons. (See generally Brief in Support of Defendant City of Atlantic City's Motion for a Protective Order (hereinafter, "Def.'s Br.") [Doc. No. 56-1].) First, Defendant Atlantic City contends that "the names and identifying information of the complainants and witnesses in all prior internal affairs investigations concerning the individually named Defendant police officers in the instant case are not relevant to Plaintiff's Monell claims[.]" (Id. at 4.) Second, even if the information is relevant, Defendant Atlantic City asserts that there is good cause for the entry of a protective order precluding the production of the identifying information. (Id. at 8.) Third, Defendant Atlantic City contends that the identifying information "is protected [by] the law enforcement privilege." (Id. at 13.) In opposition, Plaintiff argues that the information is relevant, Defendant Atlantic City has not demonstrated good cause for a protective order, and the information is not privileged. (See generally Response in Opposition (hereinafter, "Pl.'s Opp.") [Doc. No. 60].) The Court previously conducted oral argument on the pending motion. This Opinion supplements the Court's prior opinion from the bench on December 12, 2014, at which time the Court denied Defendant Atlantic City's motion [Doc. No. 56].[3]

_____

[3] The Court notes that on February 27, 2015 Plaintiff moved for a

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Furthermore, "[t]he Court may also permit for 'good cause' discovery of matters that are 'relevant to the subject matter involved in the action.'" Hite v. Peters, No. 07-4492, 2009 WL 1748860, at *3 (D.N.J. June 19, 2009) (quoting FED. R. CIV. P. 26(b)). In assessing relevancy under Rule 26(b), "the question of relevancy is to be more loosely construed at the discovery stage than at the trial." Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990). The scope of discovery is not limitless; rather, the scope of relevant discovery is "circumscribe[d]" by "[t]he complaint and its claims[,]" and "[i]t is against these claims that discoverability is determined as to each discovery request[.]" Toth v. Cal. Univ. of Pa., No. 09-1692, 2011 WL 2436138, at *2 (W.D. Pa. June 15, 2011) (citation omitted).

In this action, Plaintiff asserts a Monell claim that Defendant Atlantic City inadequately investigates civilian complaints of police officer misconduct. See generally Monell v.

---

partial stay of this action. (See Motion to Stay Discovery in Part [Doc. No. 76].) Defendants oppose the entry of a partial stay. (See Brief in Opposition [Doc. No. 78]; see also Brief in Opposition [Doc. No. 80].) This motion to stay is presently before the Court; however, it does not impact this motion for a protective order.

N.Y.C. Dep't. of Social Services, 436 U.S. 658 (1978). "[I]n order to prove municipal liability under § 1983, a plaintiff must prove that the alleged constitutional violation resulted from an official policy or an unofficial custom." Torres v. Kuzniasz, 936 F. Supp. 1201, 1206 (D.N.J. 1996) (citing Monell v. New York City Dep't. of Social Services, 436 U.S. 658 (1978)). As set forth in the Court's prior opinion in Reid v. Cumberland Cnty.,

> A government policy or custom can be established in two ways. Policy is made when a decisionmaker possessing final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials [are] so permanently and well-settled as to virtually constitute law. McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (quotations omitted). Proving the existence of a custom "requires proof of knowledge and acquiescence by the decisionmaker." Id. "A custom of failing to investigate citizen complaints may provide a basis for municipal liability if 'a policy-maker (1) had notice that a constitutional violation was likely to occur, and (2) acted with deliberate indifference to the risk.'" Merman v. City of Camden, 824 F. Supp. 2d 581, 589 (D.N.J. 2010) (quoting Brice v. City of York, 528 F. Supp. 2d 504, 518 (M.D. Pa. 2007)).

Reid v. Cumberland Cnty., 34 F. Supp. 3d 396, 403 (D.N.J. Mar. 18, 2013).

Although courts "have grappled with the issue of what type of evidence a plaintiff" must proffer in excessive force

7

cases in order to establish a causal link between a municipality's action and a subsequent constitutional deprivation, in general "statistical evidence alone, 'isolated and without further context,' generally 'may not justify a finding that a municipal policy or custom authorizes or condones the unconstitutional acts of police officers.'" See Katzenmoyer v. Camden Police Dep't., No. 08-1995, 2012 WL 6691746, at *4 (D.N.J. Dec. 21, 2012) (quoting Merman, 824 F. Supp. 2d at 591). Therefore, "a plaintiff must do more than 'recit[e] a number of complaints or offenses.'" Reid, 34 F. Supp. 3d at 403 (citation omitted). "Rather, a plaintiff 'must show why those prior incidents deserved discipline and how the misconduct in those situations was similar to the present one.'" Id. (citing Merman, 824 F. Supp. 2d at 591); see also Franks v. Cape May Cnty., No. 07-6005, 2010 WL 3614193, at *12 (D.N.J. Sept. 8, 2010) (holding that statistical evidence of prior instances of excessive force alone did not establish a failure to investigate claim since the plaintiff "provide[d] no evidence that those complaints that were dismissed were improperly investigated and should have been sustained").

In this action, Plaintiff asserts that Defendant Atlantic City has a policy, practice, or custom of inadequately investigating civilian complaints of police officer misconduct and thus implicitly condones, acquiesces, or permits its police

officers to misuse force on duty. (See Amended Complaint [Doc. No. 7], ¶ 48(a)-(d).) Defendant Atlantic City does not object to the production of any closed IA files related to the Defendant Officers;[4] however, Defendant Atlantic City contends that the names and identifying information of the witnesses and complainants identified in the IA files are not relevant to Plaintiff's Monell claim (Def.'s Br. [Doc. No. 56-1] at 5-7), and further contends that discovery related to Plaintiff's failure to investigate claim should be limited to information pertaining to Defendant Atlantic City's internal investigative process.[5] (Id. at 5-7.) Defendant Atlantic City alleges that as the witnesses and complainants "are not privy to any information regarding the investigation process[,]" their identities are not relevant to Plaintiff's failure to investigate claim. (Reply Brief to Opposition to Motion [Doc. No. 63], 3.) Defendant

_____

[4] Atlantic City objects to the production of any pending IA files. Plaintiff's counsel has agreed that in any pending internal affairs case, Defendant Atlantic City need only produce at this time the internal affairs complaint.

[5] This Opinion addresses only the production of the Defendant Officers' IA files. The issue of the scope of production of other IA files beyond the Defendant Officers has presently been brought before the Court by way of motions recently filed in Stadler v. Abrams (see Stadler v. Abrams, No. 13-2741, Motion for Protective Order [Doc. No. 83], Apr. 1, 2015), and Adams v. Atlantic City. (See Adams v. Atlantic City, No. 13-7133, Motion to Compel [Doc. No. 82], Mar. 23, 2015.) In addition, that issue is also before Magistrate Judge Joel Schneider in Costantino v. City of Atlantic City, No. 13-6667.

Atlantic City therefore asserts that such information is outside the scope of relevant discovery.[6] (Def.'s Br. [Doc. No. 56-1], 5-6.)

The Court finds that the names and identifying information[7] of the witnesses and complainants in the Defendant Officers' IA files constitute discoverable information with respect to Plaintiff's Monell claim. Defendant Atlantic City is therefore hereby ordered to produce this information to Plaintiff. "[D]ocumentation of civilian complaints and the police department's resultant investigations are relevant and necessary to the plaintiffs' burden of establishing the requisite policy or custom and causation required for municipal liability under § 1983[.]" Torres v. Kuzniasz, 936 F. Supp.

---

[6] Defendant Atlantic City cites both Beck v. City of Pittsburgh, 89 F.3d 966 (3d Cir. 1996) and Walker v. Jacques, No. 04-351, 2007 WL 2122028 (D.N.J. July 23, 2007), and alleges that since the plaintiffs' municipal liability claims in both Beck and Walker were sufficiently pled so as to survive motions for judgment as a matter of law and for summary judgment respectively, Plaintiff does not need the redacted information to state his failure to investigate claim. (Def.'s Br. [Doc. No. 56-1], 5-6.) The Court finds that this argument misstates the relevancy inquiry under Rule 26(b)(1) as sufficiency is not the test for relevancy. See FED. R. CIV. P. 26(b)(1). Neither case addressed the specific relevancy issue in dispute in this case. See Beck v. City of Pittsburgh, 89 F.3d 966 (3d Cir. 1996); Walker v. Jacques, No. 04-351, 2007 WL 2122028 (D.N.J. July 23, 2007).

[7] For the purposes of this Opinion, the identifying information at issue is the name, address, and telephone number of the complainants and witnesses identified in the IA files relating to the Defendant Officers.

1201, 1206 (D.N.J. 1996). The Court rejects Defendant Atlantic
City's attempt to carve out from production of this relevant
information the names of the complainants and witnesses. These
individuals have knowledge concerning the internal investigation
process with respect to the IA files in which they are
identified.[8] Moreover, Plaintiff is not required to rely solely
on Defendant Atlantic City's interpretation or characterization
of its internal investigative process as described in any
particular IA file. Plaintiff is entitled to test the
sufficiency and accuracy of the internal affairs investigations
in connection with Plaintiff's argument that Defendant Atlantic
City had a policy, practice, and/or custom of inadequately
investigating civilian complaints. Without access to the names
and addresses of the complainants and witnesses, Plaintiff would
be forced to accept Atlantic City's conclusions in the IA
reports without any means or avenues of independently verifying
the accuracy of the reports. Indeed, the names and addresses of
individuals who could verify (or contradict) the accuracy of the
IA reports and shed light on the extent of the IA investigations
— investigations which Plaintiff claims were insufficient or

---

[8]  In  Adams v. City of Atlantic City, No. 13-7133, a matter
pending  before  this  Court,  Atlantic  City  produced,  and
acknowledged  it  produced  during  a  December 17, 2014 combined
hearing in this matter and the Adams matter, the IA files of the
Defendant  Officers  without  the  redactions  Defendant  Atlantic
City seeks to sustain here.

inadequate — clearly are relevant. In the recent case of <u>Mehr v. Atlantic City</u>, No. 12-4499, 2014 WL 4350546 (D.N.J. Sept. 2, 2014) the District Court denied Atlantic City's motion for summary judgment on the issue of municipal liability based on Atlantic City's "custom of failing to remedy police officers' use of excessive force[.]" <u>See</u> <u>Mehr v. Atlantic City</u>, No. 12-4499, 2014 WL 4350546, at ** 8-11 (D.N.J. Sept. 2, 2014). The District Court concluded in <u>Mehr</u> that the plaintiff had proffered sufficient evidence — which included internal complaints "lodged" against Atlantic City Police Officers and internal affairs investigation reports — from which "a reasonable jury could conclude that Atlantic City employed a shallow Internal Affairs investigation process[,]" and "that Internal Affairs investigations were insufficient or inadequate[.]" <u>Id.</u> at ** 10-11; <u>see also</u> <u>Groark v. Timek</u>, 989 F. Supp. 2d 378, 394 (D.N.J. 2013) ("[t]he requested IA files are directly relevant to whether Atlantic City's IA process is 'real[]'"). Consequently, the Court finds that as the witnesses and complainants possess information regarding the adequacy, or inadequacy, of Defendant Atlantic City's internal affairs process, the names and addresses are relevant to Plaintiff's <u>Monell</u> claim and are therefore discoverable.

    As an alternative argument to support redaction, Defendant Atlantic City alleges that Plaintiff should not be

permitted to discover the names and identifying information of the witnesses and complainants until Plaintiff can make a more specific and narrowed showing of "need" to interview a particular witness or complainant identified in a specific IA file. (See Def.'s Opp. [Doc. No. 56-1], 7, 12.) In essence, Defendant Atlantic City argues for staged discovery in which Plaintiff would obtain the IA files with redacted names and identifying information of the witnesses and complainants, and then would be required to file a subsequent application to the Court that demonstrated an additional showing of relevance. (See Def.'s Opp. [Doc. No. 56-1], 7, 12.) The Court rejects this staged discovery argument as imposing an unreasonable and inappropriate hurdle to Plaintiff's right to obtain discoverable information pursuant to Rule 26(b)(1). Defendant Atlantic City also argues that good cause exists for a protective order under Federal Rule of Civil Procedure 26(c)(1) to preclude production of the redacted information. (See Def.'s Opp. [Doc. No. 56-1], 8-12.)

Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Id. Consequently, "it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of

protection." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (citing FED. R. CIV. P. 26(c)). Thus, protective orders are appropriate only "where the party seeking the order 'show[s] good cause by demonstrating a particular need for protection.'" Pearson v. Miller, 211 F.3d 57, 72 (3d Cir. 2000) (citation omitted). "To make a showing of good cause, the party seeking confidentiality has the burden of showing the injury 'with specificity.'" Id. (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, unsubstantiated by specific examples, [] will not suffice." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 786)). "Upon a showing of good cause, the Court may 'forbid[ ] the disclosure or discovery,' or may 'forbid[ ] inquiry into certain matters, or limit[ ] the scope of disclosure or discovery to certain matters[.]'" Hite v. Peters, No. 07-4492, 2009 WL 1748860, at *2 (D.N.J. June 19, 2009) (citation omitted). The burden is on the party seeking the protective order to "demonstrate a 'particular need for protection.'" Id. (citation omitted).

In assessing whether sufficient good cause exists for the issuance of a protective order, the courts typically consider a number of factors, set forth in Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994), such as:

1) whether disclosure will violate any privacy interest;
2) whether the information is being sought for a legitimate purpose or for an improper purpose;
3) whether disclosure of the information will cause a party embarrassment;
4) whether confidentiality is being sought over information important to public health and safety;
5) whether the sharing of information among litigants will promote fairness and efficiency;
6) whether a party benefitting from the order of confidentiality is a public entity or official; and
7) whether the case involves issues important to the public.

Glenmede Trust Co., 56 F.3d at 483 (citing Pansy, 23 F.3d at 787-91.)

Defendant Atlantic City asserts that the witnesses and complainants possess a privacy interest in the redacted information and participated in the internal investigation process only under "an expectation of confidentiality and limited involvement." (Def.'s Br. [Doc. No. 56-1] at 10-11.) Defendant Atlantic City further alleges that disclosure of the redacted information could "open[] the door" for the complainants and witnesses to be requested to testify in "innumerable future cases"[9] and would therefore "chill" civilian

---

[9] Defendant Atlantic City argues that "[a]llowing Plaintiff access to the names and identifying information of the complaints and witnesses in unrelated internal affairs investigations opens the door for these complaints and witnesses to be solicited as parties or witnesses in innumerable

participation in the internal affairs process.[10] (Id. at 11.) In opposition, Plaintiff contends that a protective order is not warranted as (1) the redacted information is not confidential; (2) the redacted information "is being sought for a legitimate purpose[;]" (3) disclosure of the redacted information will not result in any embarrassment to the complainants; (4) the redacted information "is important to public health and safety[;]" (5) "sharing of the information will promote fairness and efficiency[;]" (6) "the party benefitting from the order of confidentiality is a public official[;]" and (7) "the case involves issues important to the public." (Pl.'s Opp. [Doc. No. 60] at ¶¶ 16-22.) In response, Defendant Atlantic City alleges that the Pansy factors "are neither mandatory nor exhaustive[,]" (Reply Brief to Opposition to Motion (hereinafter, "Def.'s

---

future cases and pending cases unrelated to the instant case[.]" (Def.'s Br. [Doc. No. 56-1], 11.) Defendant Atlantic City should not be relieved of its obligation to produce relevant discovery because it foresees having to defend itself in "innumerable future actions." See Groark, 989 F. Supp. 2d at 391 n.13 (setting forth cases involving Atlantic City Police Officers).

[10] Plaintiff has argued that Defendant Atlantic City lacks standing to assert the complainants and witnesses' privacy interests in the redacted information in support of the present motion [Doc. No. 56]. In response, Defendant Atlantic City alleges in its brief that it "has an interest in preserving the integrity of the process to allow for civilians to make complaints and otherwise cooperate with internal affairs investigators while preserving their confidentiality and privacy interests." (Def.'s Br. [Doc. No. 56-1], 11.) As set forth infra, the Court finds that the release of the redacted information under the present circumstances does not significantly undermine any privacy interest.

Reply") [Doc. No. 63], 3 (citing Pansy, 23 F.3d at 787)), and that the complainants' privacy interest in their names and identifying information outweighs any interest Plaintiff has in obtaining such information. (Id. at 4.)

The Court finds, for the following reasons, that Defendant Atlantic City has not demonstrated that a protective order is warranted to preclude production of the redacted information to Plaintiff under the present circumstances. The Pansy factors do not support denying Plaintiff access to the names and identifying information of other complainants and witnesses identified in the IA files relating to the Defendant Officers.[11]

The Court first considers whether the disclosure of the information will violate any privacy interest. See, e.g., Pansy, 23 F.3d at 787. This factor typically weighs in favor of a protective order when the disclosure of the information will cause the "infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." Id. Defendant Atlantic City raises two distinct privacy interests: (1) Defendant Atlantic City's ability to maintain the

---

[11] The parties have addressed the issue as it relates to production to Plaintiff. Neither party addresses whether the material should be made public. As this matter is before the Court by way of a discovery motion, the Court shall, at this time, require that the information be produced to Plaintiff, but remain confidential among the parties to the litigation as set forth herein.

confidentiality of its investigative process and ensure the efficiency of its internal affairs review process; and (2) the privacy interests of the witnesses and complainants. The Court notes that the information sought by Plaintiff will be disclosed pursuant to a Discovery Confidentiality Order (see Consent Discovery Confidentiality Order [Doc. No. 43]), thereby negating any general disclosure. See, e.g., Torres, 936 F. Supp. at 1213-14 (ordering the production of IA case files from the City of Camden subject to a protective order, limiting review of the documents to "the plaintiffs' counsel, plaintiffs' experts, or other agents," and permitting the files to "be used solely for the purposes of th[e] litigation"). Moreover, although "complainants and witnesses involved in law enforcement investigations" may possess "a valid expectation of privacy with respect to their identities[,]" that privacy interest can be addressed by way of a confidentiality order. See, e.g., McGee v. City of Chicago, No. 04-6352, 2005 WL 3215558, at *4 (N.D. Ill. June 23, 2005) (noting that as the identities of witnesses and complainants would be disclosed only to an attorney and not to the public, the defendants' assertion that privacy interests may be undermined did not justify a protective order); see also Kelly v. City of San Jose, 114 F.R.D. 653, 666 (N.D. Cal. 1987) ("in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a

police department's purported interest in preserving the anonymity of citizen complainants[]") (citation omitted); Medina v. Cnt'y of San Diego, No. 08-1252, 2014 WL 4793026, at *11 (S.D. Cal. Sept. 25, 2014) (granting a request for the production of IA files of defendant officers in an excessive force case including "the names, address and telephone numbers of the persons who filed the complaints" and "private persons[] who were percipient witnesses to the events [giving] rise to the filing of the complaints"); Reid, 34 F. Supp. 3d at 408-09 (noting that "any potential harm resulting from the disclosure of those interviewed in the investigations is negated by the confidentiality order"). Accordingly, the first Pansy factor does not weigh in favor of the issuance of a protective order.

As to the second Pansy factor, the Court considers whether the information is sought for a "legitimate purpose[,]" which, if so, supports disclosure. Pansy, 23 F.3d at 787. Here, Plaintiff seeks the information to support a Monell claim against a public entity in connection with an excessive force action. Furthermore, there has been no showing that Plaintiff seeks the information for any "improper" purpose, and Defendant Atlantic City has not asserted any such motive. Consequently, the second Pansy factor does not weigh in favor of the issuance of a protective order.

19

The Court next considers the third Pansy factor —
whether disclosure of the information will cause a party
embarrassment. Pansy, 23 F.3d at 787. Defendant Atlantic City
does not allege that any witness or complainant will suffer any
embarrassment, serious or otherwise, by the release of the
information to Plaintiff. In addition, "there is nothing
embarrassing about the complaints. . . [i]n fact, the
complainants may very well want their identities revealed[.]"
Groark, 989 F. Supp. 2d at 391. The Court therefore finds that
the third Pansy factor does not weigh in favor of the issuance
of a protective order.

Pursuant to the remaining Pansy factors, the Court
considers whether the information sought is important to public
health and safety, whether the sharing of information among
litigants will promote fairness and efficiency in the
litigation, whether a party benefitting from the order of
confidentiality is a public entity or official, and whether the
case involves issues important to the public, respectively. See
Pansy, 23 F.3d at 787-88. In assessing these factors, if the
matter "involves issues or parties of a public nature, and
involves matters of legitimate public concern, [then] that
should be a factor weighing against entering or maintaining an
order of confidentiality." Pansy, 23 F.3d at 788. In contrast,
"if a case involves private litigants, and concerns matters of

20

little legitimate public interest, [then] that should be a factor weighing in favor of granting or maintaining an order of confidentiality." Id.

Here, the present matter involves a public entity, public safety, and matters of public concern — all factors which support the disclosure of the information in this case to Plaintiff. The present litigation involves claims pertaining to alleged police officer misconduct, and "[p]erformance of police duties and investigations of their performance is a matter of great public importance." McGee, No. 04-6352, 2005 WL 3215558 at *3 (citation omitted). Moreover, "[a] request for citizen complaints against police officers must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system through disclosure." Soto v. City of Concord, 162 F.R.D. 603, 621 (N.D. Cal. 1995) (citing Kelly, 114 F.R.D. at 660-61). In addition, as the witnesses and complainants possess relevant information concerning Defendant Atlantic City's internal affairs process, the disclosure of their identifying information to Plaintiff's counsel will promote fairness and efficiency in the pending litigation. See, e.g., Reid, 34 F. Supp. 3d at 413-16 (rejecting the defendant's assertion of privilege to prevent the disclosure of prior excessive force complaints in light of the relevance of the information). Consequently, the Court finds

21

that the remaining Pansy factors do not weigh in favor of the issuance of a protective order.

Furthermore, Defendant Atlantic City has not proffered any specific or "clearly defined" injury that would result from disclosure of the identifying information sufficient to warrant the issuance of a protective order. The Court rejects Defendant Atlantic City's general allegation that participation in the internal affairs investigation process would be "chill[ed]" if the redacted information was disclosed.[12] Rather, the disclosure of information pertaining to prior investigations in IA files "is more likely to increase candor than to chill it." See Wong v. City of New York, 123 F.R.D. 481, 483 (S.D.N.Y. 1989) (noting that the disclosure of IA files would likely increase an officer's candor in the internal affairs investigatory process) (citation omitted); see also Groark, 989 F. Supp. 2d at 391 (noting that civilian complainants may be "comfort[ed,]" not deterred, by the fact "that there are other similarly situated individuals who are pursuing relief for alleged constitutional

---

[12] Defendant Atlantic City cites to the New Jersey Attorney General Guidelines for Internal Affairs Policy and Procedure as supporting its assertion that it is "well settled that an internal affairs investigation and related file information is considered confidential in New Jersey law enforcement." (Def.'s Br. [Doc. No. 56-1], 9.) However, as noted by the court in Groark, "Atlantic City disregards the substantial unassailable body of New Jersey case law which evidences that a court can Order the production of IA reports in a § 1983 lawsuit." Groark, 989 F. Supp. 2d at 388 (citations omitted).

violations[]"). Consequently, Defendant Atlantic City has failed to demonstrate good cause to preclude production of the names and identifying information of the complainants and witnesses in the Defendant Officers' IA files.

Defendant Atlantic City's final basis to support its request for a protective order is an assertion of the law enforcement privilege. The law enforcement privilege is a "qualified privilege designed to prevent the disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." Torres, 936 F. Supp. at 1209.[13] Accordingly, "[i]n each case that the privilege is claimed, the court is required to balance the public interest in having the information remain secret against the litigants' need to obtain discovery." Chladek v. Com. of Pa., No. 97-0355, 1998 WL 126915, at *2 (E.D. Pa. Mar. 10, 1998).

In order to assert such a privilege, "[a] claim of [official information] privilege must be asserted by the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted 'precise and certain reasons for preserving' the confidentiality of the communications." Torres, 936 F. Supp. at 1210 (citing U.S. v. O'Neill, 619 F.2d

---

[13] Although Defendant Atlantic City designate the privilege as a "law enforcement privilege" (see Def.'s Br. [Doc. No. 56-1], 13-16), the privilege is "sometimes referred to as" the "official information privilege[.]" Torres, 936 F. Supp. at 1209.

222, 226 (3d Cir. 1980)). Moreover, a party must "'provide a court with the information necessary to make a reasoned assessment of the weight of interests against and in favor of disclosure,' and to allow the plaintiff 'a fair opportunity to challenge the bases for the assertion of the privilege.'" Id. Such information includes:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, (5) and a projection of how much harm would be done to the threatened interests if the disclosure[s] were made.

Torres, 936 F. Supp. at 1210 (quoting Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992)). Furthermore, it is only after the court determines that the party asserting the official information privilege has provided a sufficient affidavit does the Court then conduct an analysis of the government's interest in protecting the information at issue and a plaintiff's presumed right to discovery. Reid, 34 F. Supp. 3d at 403. A

24

claim of the official information "privilege in a § 1983 case '[m]ust be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.'" Reid, 34 F. Supp. 3d at 405 (quoting Scouler v. Craig, 116 F.R.D. 494, 496 (D.N.J. 1987)). In assessing these "competing interests with respect to this privilege," the courts generally consider the factors set forth in Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).[14] Reid, 34 F. Supp. 3d at 405.

Here, Defendant Atlantic City has not proffered any affidavit from the head of an agency, or any other affidavit, to support the privilege claim. This privilege therefore has not been properly raised, and the Court finds that it is unavailable

---

[14] These factors include: "(1) the extent to which disclosure will discourage citizens from giving the government information; (2) the impact upon such persons of having their identities disclosed; (3) the degree to which governmental self-evaluation and program improvement will be chilled by disclosure; (4) whether the information sought is factual or evaluative; (5) whether the party seeking discovery is or may become a defendant in a criminal proceeding stemming from the incident in question; (6) whether the police investigation has been completed; (7) whether departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is brought in good faith; (9) whether the information sought is available through other sources; and (10) the importance of the information sought to the plaintiff's case." Reid, 34 F. Supp. 3d at 405 (citing Crawford v. Dominic, 469 F. Supp. 260, 263 (E.D. Pa. 1979)); see also Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973). The Court notes that several of these factors are similar to the factors previously addressed by the Court in connection with the good cause standard for a protective order.

to Defendant Atlantic City. The Court rejects Defendant Atlantic City's blanket assertion of the law enforcement privilege. In addition, the Court notes that privilege arguments with respect to information contained in IA files in connection with excessive force claims have been previously rejected by this Court in Reid. See, e.g., Reid, 34 F. Supp. 3d at 412-13 (finding that the Frankenhauser factors did not support withholding production of defendant officers' IA files); see also Groark, 989 F. Supp. 2d at 391, 389-92 (rejecting Atlantic City's assertion of the law enforcement privilege with respect to the defendant officers' IA files).

  The Court makes one final note. Defendant Atlantic City previously limited production of the IA files to a period of six (6) years notwithstanding Plaintiff's request for all the IA files of the Defendant Officers. The Court rejects Defendant Atlantic City's attempt to limit these IA files as there has been no showing that such a limitation is appropriate. Defendant Atlantic City therefore shall produce all of the IA files of the Defendant Officers redacting only the social security numbers, birth dates, and motor vehicle information of the complainants and witnesses identified therein. Consequently, for the reasons set forth herein,

  IT IS on this 9th day of April 2015:

**ORDERED** that Defendant Atlantic City's motion for a protective order [Doc. No. 56] shall be, and is hereby, **DENIED**; and it is further

**ORDERED** that Defendant Atlantic City shall produce to Plaintiff copies of the Defendant Officers' IA files redacted only as to social security numbers, birth dates, and motor vehicle information; and it is further

**ORDERED** that production shall be completed **by no later than twenty (20) days** from entry of this Order; such production shall be subject to the consent confidentiality order entered on June 5, 2014.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb