IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CONNOR CASTELLANI,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF ATLANTIC CITY, et al.,<br><br>           Defendants | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 13-5848 (JBS-AMD)<br><br>**MEMORANDUM AND ORDER** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court upon Plaintiff's request for an additional two-week extension to file his opposition to Defendants' motions for summary judgment [Docket Item 314]. Plaintiff's opposition to three of Defendants' motions was initially due on December 20, 2016 [see Docket Items 281, 283, and 288], and opposition to the City of Atlantic City's motion was initially due on January 3, 2017 [see Docket Item 293]. On December 20, 2016, Plaintiff requested a three-week extension to file opposition papers, and the Court granted that request, making all opposition due on January 10, 2017. [Docket Item 296.] Plaintiff did not file any opposition by January 10th; instead, Plaintiff's counsel waited over six weeks to even request another extension, and only corresponded with this Court after counsel for the City informed the Court that "at no time did [she] consent to another extension of time for Plaintiff to

respond to Defendant's pending Motion for Summary Judgment, nor was consent requested." [Docket Item 312].

In the belated attempt to justify another extension request and her six week silence, Plaintiff's counsel not only fails to explain why she did not file her opposition papers or request another extension before the court-ordered extended deadline of January 10, 2017, but she also offers a litany of excuses to the Court as she has yet to file Plaintiff's opposition, due to (1) a trial beginning on January 31, 2017, (2) counsel's inability to delegate work on the opposition motion to "the only other attorney in her office, a first-year associate," (3) the fact that counsel "is currently representing six separate Plaintiffs in civil rights actions against the City of Atlantic City in this Court," and (4) counsel's "significant responsibilities in her cases pending in the state and federal courts of New York and Illinois where she regularly practices." [Docket Item 314 at p. 2-3.] Counsel for Plaintiff maintains that she "has worked diligently to meet the deadlines of this Court but there is simply no scenario under which she could have met the deadline for filing her response to the defendants' motions given the foregoing." [Id. at 3.] The Court acknowledges at the outset that counsel is involved in other significant, time-consuming cases without the benefit of a large staff.

Plaintiff's six-week silence and failure to comply with the Court's extended time deadline of January 10th is not excused and is a violation of L. Civ. R. 7.1(d), governing extensions of time, and it implicates L. Civ. R. 101.1(d), which states that "[a]ll members of the bar of this Court and those specially permitted to participate in a particular action shall <u>strictly observe</u> the dates fixed for scheduling conferences, motions, pretrial conferences, trials or any other proceedings. Failure of counsel for any party . . . to comply with this Rule <u>may result in the imposition of sanctions</u>." (emphasis added). Possible sanctions can include treating all of Defendants' summary judgment motions as unopposed. <u>See</u> L. Civ. R. 7.1(d)(7)("The Court may reject any brief or other paper not filed within the time specified."). Disregarding dispositive motion deadlines inevitably "delay[s] impending trials," "unnecessarily burden[s] this Court" and "such conduct is insulting to the Magistrate [and District] Judges who work diligently, often with the input of counsel, to establish these deadlines." <u>Chiropractic Alliance of New Jersey v. Parisi</u>, 164 F.R.D. 618, 621 (D.N.J. 1996).

It must be noted that two aspects of professionalism are also implicated. First, when approaching the Court to seek an extension, the requester should always first confer with adverse counsel to determine whether there is an objection; Plaintiff's

3

counsel failed to do so. Second, when counsel misses a deadline, it serves professionalism to admit the mistake, explain how it happened, and seek to make amends; Plaintiff's counsel again failed to do so and instead points fingers at adverse counsel's other delays that seem unrelated to Plaintiff's ability to file timely opposition to the pending motions. The best defense is not necessarily a good offense; sometimes a dose of humility will go much further in explaining neglect that is excusable. <u>See</u> Local Civil Rules of the District of New Jersey, App. R, "Guidelines for Litigation Conduct" (especially "Lawyers' Duties to Other Counsel," ¶¶ 11, 14, 15, 17, & 29; and "Lawyer's Duties to the Court," ¶¶ 1 & 2).

  The Court does not find good cause for Plaintiff's gross untimeliness in filing his opposition papers; despite counsel's various other commitments, nothing has prevented counsel from timely requesting further extensions as opposed to remaining silent for over six weeks and expecting the Court or opposing counsel not to notice. Moreover, nothing in the present motion addresses Plaintiff's inattentiveness to the four summary judgment motions in this case through the extended opposition deadline six weeks ago on January 10th. The Court will not hesitate to impose sanctions if this disregard of the Local Rules and the New Jersey Rules of Professional Conduct continues. <u>See, e.g.</u>, R.P.C. 1.3 ("A lawyer shall act with

4

reasonable diligence and promptness in representing a client"). Nevertheless, in this instance, in the interests of justice and moving this case forward, the Court grants Plaintiff's extension request, nunc pro tunc. The Court does not wish to prejudice the case of a Plaintiff who raises substantial civil rights issues and awaits a day in court, where granting this relief does not cause prejudice to the Defendants beyond delay in addressing their motions.

IT IS this __**1st**__ day of __**March**__, **2017** hereby

ORDERED that Plaintiff's opposition papers are now due on **March 8, 2017**[1] and Defendants' reply briefs are due on **March 17, 2017**; and it is further

ORDERED that no further extensions involving Plaintiff's opposition papers shall be granted, and that sanctions may be imposed for any continuing failure to comply with the Court's order.

                                                   **s/ Jerome B. Simandle**
                                                   JEROME B. SIMANDLE
                                                   Chief U.S. District Judge

---

[1] In further granting Plaintiff's counsel's request to extend the opposition date, the Court notes that Plaintiff will have had approximately three months' time to address Defendants' motions. This constitutes more than reasonable accommodation to counsel's busy schedule.